[Civ. No. 1769.    Second Appellate District.—December 13, 1915.]

THE BANK OF BAKERSFIELD (a Corporation), Plaintiff, v. SARAH L. CONNER, as Executrix, etc., Respondent; G. J. PLANZ, Appellant.

CONTRACT—SALE OF BANK STOCK—PAYMENT.—Where an agreement for the sale and delivery of a certain number of shares of the capital stock of a banking corporation provides for the sale and delivery of the stock upon payment of the price on or before a specified date, and that payment shall be deemed to be sufficiently made to the seller by payment of the price to the bank for account of the seller, and that the stock shall upon such payment be delivered to the purchaser on demand, the delivery by the seller to the bank of his certified check for such amount payable to the bank, or bearer, constitutes payment for the stock under the terms of the contract, and does not amount to merely a tender of payment conditioned upon delivery of the shares of stock.

ID.—ACTION OF INTERPLEADER—EVIDENCE—FORM OF CHECK.—In an action of interpleader brought by the bank upon which the check was drawn to determine the rights of the parties thereto, it is not error to refuse to permit the maker of the check to testify why the word "bearer" was left on the check, or whether he intended that it should be left thereon at the time he made it.

ID.—OWNERSHIP OF CHECK—ELECTION OF PURCHASER.—Where the purchaser of the stock elects to continue his demand for performance

of the contract, he is not entitled to recall the payment made by him, notwithstanding that under the terms of the contract the obligation of the seller to deliver the stock and of the buyer to pay the price were concurrent conditions.

ID.—DELIVERY OF CHECK TO SELLER.—In such an action it is not prejudicial error to permit the cashier of the bank to which the check was delivered to testify that he delivered it to the seller on the same day that it was received by the bank.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellant.

C. C. Cowgill, and Peter A. Breen, for Respondent.

CONREY, P. J.—On July 21, 1910, the defendant G. J. Planz drew his check upon the Bank of Bakersfield for the sum of $3,799.66 and caused it to be certified by that bank. The check was payable to the Kern Valley Bank or bearer. Immediately thereafter defendant Planz delivered the check to the Kern Valley Bank, and on the same day the cashier of that bank delivered the check, without indorsement, to C. L. Conner. Conner died at some time between September, 1910, and March, 1911, and the check in question came into the possession of the defendant Sarah L. Conner, as executrix of his last will and testament.

The plaintiff, the Bank of Bakersfield, filed its complaint herein, showing that it holds and has in its possession money deposited with it by defendant Planz sufficient to pay said check; but also that the defendant Planz gave notice and instruction to the plaintiff to refuse payment of the check, and that the defendant Conner, as executrix, has demanded payment thereof. The defendants were required to interplead herein for the determination of their adverse claims in the premises. A judgment having been entered in favor of the executrix, the defendant Planz has appealed therefrom and also from an order denying his motion for a new trial.

On July 21, 1908, an agreement in writing was entered into between C. L. Conner and one H. A. Blodget whereby, in consideration of the sum of five dollars in hand paid, Conner

agreed to sell and deliver to Blodget, his nominee or assigns, fifty shares of the capital stock of the Kern Valley Bank, a corporation, upon the payment of the sum of $3,799.66 on or before July 21, 1909. It was agreed that upon payment to Conner on or before July 21, 1909, of the sum of $281.45, the time for payment of said larger sum should thereby be extended to, and the delivery of said stock extended to July 21, 1910. It was agreed "that payment shall be deemed to be sufficiently made to said C. L. Conner by payment to the Kern Valley Bank for account of C. L. Conner of either of the sums above specified. And the said fifty (50) shares of said stock of the said Kern Valley Bank shall, upon payment made as hereinbefore provided, be delivered, on demand, to the said H. A. Blodget, his nominee or assignee, together with all dividends that may be declared and paid on said shares of stock during the life of this agreement." On July 21, 1909, Blodget paid the sum required for extending the time of final payment to July 21, 1910, and on July 19, 1910, sold, assigned, and transferred to G. J. Planz "all my right, title and interest in and to the within and foregoing contract and the capital stock of the Kern Valley Bank, viz.: Fifty (50) shares thereof, therein described." Thereafter Planz delivered his certified check as hereinabove stated.

The court found that said check was paid to the Kern Valley Bank for the account of C. L. Conner, and was accepted by that bank for the account of C. L. Conner as and in full payment of the purchase price of said fifty shares of stock. Under his specifications of insufficiency of the evidence to justify the findings, appellant claims that the evidence does not show his delivery of the check for the account of Conner or as payment on the contract, but claims that it was merely a tender of payment conditioned upon delivery of the shares of stock. In our opinion, the evidence fully justifies the finding as made. In his testimony defendant Planz himself said: "On July 21, 1910, under the contract, . . . I gave the Kern Valley Bank $3,799.66. I paid it with my certified check on the Bank of Bakersfield." He further testified that on July 23, 1910, he demanded of Conner a transfer of the fifty shares of stock, and that Conner refused this demand and said that if Planz would deliver back to the Kern Valley Bank the receipt which that bank gave him, they would give him the money back or the check. On August 6,

1910, Planz filed a complaint in the superior court of Kern County against Conner and the Kern Valley Bank to enforce his demand for delivery to Planz of the fifty shares of stock to which he claimed to be entitled under the agreement with Blodget which had been assigned to him. In that complaint, verified under his oath, the plaintiff therein said that he had made the before mentioned payment of $3,799.66 to the Kern Valley Bank for the account of C. L. Conner, and that "the said Kern Valley Bank, a corporation, received the sum of money for the account of C. L. Conner and now has the said sum of money in its possession and under its control for the account of C. L. Conner." The same statement was repeated in an amended complaint. To that complaint a demurrer was filed, and it appears that the action was pending without any other proceedings having been had therein at the time of the trial of the case now before us.

Defendant Planz in his answer states that the certified check was by mistake made out to bearer. At the trial he was asked to state why the word "bearer" was left on the check, or whether he intended that it should be left on the check at the time when he made it. The court sustained an objection that the question was irrelevant, incompetent, and immaterial, and an attempt to vary the terms of the written instrument by parol in the absence of any appropriate pleadings for reforming the instrument. It is now urged on this appeal that this ruling was erroneous, because it prevented appellant from showing that he was paying the money to the Kern Valley Bank and to no other person, and from showing that he had intended to strike out by drawing a line through the word "bearer." We think that the ruling was correct. Under the contract the Kern Valley Bank was agent of Conner for the purpose of receiving payment of the sum specified in the check. It is not claimed that the bank was aware of any mistake in the check or informed that it did not fully express the intention of the maker. Whether made payable to the order of the Kern Valley Bank or made payable to that bank or bearer, it was equally capable of being received and used for the purposes of the transaction.

The specifications of insufficiency of the evidence, although not in the usual form and in some instances perhaps not legally sufficient, will be considered as sufficient to raise the only other important question in the case, which is whether

the evidence justified the court in finding that Conner was the owner of the check and that it is now the property of the defendant Sarah L. Conner as executrix, etc.   On this phase of the case it seems to us that appellant is relying upon propositions which are not applicable to the case as made by the record.   He refers us to authorities holding that refusal to perform a contract constitutes a rescission.   Assuming that in some instances this principle would be applicable, we have here a case in which the purchaser, even though he had a right to claim a rescission, elected to continue his demand for performance of the contract and bring an action for that purpose.   Therefore appellant is unable to recall the payment made by him, even if, as he contends, under the terms of the contract the obligation of the seller to deliver the goods and of the buyer to pay the price were concurrent conditions. The shares of stock were identified, the price agreed upon was paid, and thereby Planz became the real owner of the shares. He was in a position which entitled him to compel the delivery to him of a certificate of stock.   Certificates of corporation stock, it should be remembered, are not the shares, but are merely evidence of title.

Exception is taken to the court's ruling in allowing the cashier of the Kern Valley Bank to testify that on the same day when the certified check was received at that bank he delivered it to C. L. Conner.   If this evidence was immaterial, the only reason would be that payment had been completed when the check came into the hands of the bank as Conner's agent.   We see no error in the ruling, and at all events it would be without prejudice to any right of appellant.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1916.